IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AT SUFFOLK VA SC, LLC, an Arizona limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REGAL CINEMAS, INC., a Tennessee corporation; and REGAL ENTERTAINMENT GROUP, a Delaware corporation, as successor to CONSOLIDATED THEATRES HOLDINGS, G.P., a North Carolina general partnership,<br><br>　　　　　Defendants. | Civil Action No. |

## COMPLAINT

AT Suffolk VA SC, LLC, ("Plaintiff"), for its Complaint against Regal Cinemas, Inc. ("Regal Cinemas") and Regal Entertainment Group ("Guarantor", collectively, "Defendants"), states and alleges as follows:

### THE NATURE OF THE CASE

1.　　Plaintiff owns a retail shopping center located in Suffolk, Virginia. Plaintiff is the landlord, and Defendant Regal Cinemas is the tenant, under a commercial lease for space in the shopping center. Regal Cinemas has repeatedly failed to pay monthly rent due under the lease, despite multiple notices and demands from Plaintiff. Plaintiff has accordingly brought this action for breach of the lease, and for judgment granting Plaintiff possession of the leased premises.

### THE PARTIES

2.　　Plaintiff is an Arizona limited liability company, and its headquarters are located in Phoenix, Arizona.

3. Plaintiff's members are Arciterra Companies, LLC and Arciterra Strategic Retail – Suffolk VA, LLC.

4. Arciterra Companies, LLC is an Arizona limited liability company, and its headquarters are located in Phoenix, Arizona 85016. Arciterra Companies, LLC's members are Jonathan M. Larmore, an individual who resides in Arizona, and CSL Investments, LLC. CSL Investments, LLC is an Indiana limited liability company, and its headquarters are located in Indianapolis, Indiana. CSL Investments, LLC's members are Jonathan M. Larmore and Michelle A. Larmore. Michelle A. Larmore resides in Arizona.

5. Arciterra Strategic Retail – Suffolk VA, LLC is an Arizona limited liability company, and its headquarters are located in Phoenix, Arizona. Arciterra Strategic Retail – Suffolk VA, LLC's members are Arciterra Companies, LLC and Spike Holdings, LLC. Spike Holdings, LLC is an Arizona limited liability company, and its headquarters are located in Phoenix, Arizona 85016. John M. Larmore is the only member of Spike Holdings, LLC.

6. Upon information and belief, Regal Cinemas is a Tennessee corporation, and its headquarters are located in Knoxville, Tennessee.

7. Upon information and belief, Guarantor is a Delaware corporation, and its headquarters are located in Knoxville, Tennessee.

8. Upon information and belief, Guarantor is successor to Consolidated Theatres Holdings, G.P.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. This Court has personal jurisdiction over Regal Cinemas because Regal Cinemas submitted to personal jurisdiction in Virginia pursuant to Paragraph 22.6 of the lease described in more detail below. This Court also has personal jurisdiction over Regal Cinemas because Regal Cinemas leased space located in Virginia from Plaintiff, and the performance of that lease took place in Virginia.

11. This Court has personal jurisdiction over Guarantor because the obligations that Guarantor guaranteed were to be performed in Virginia, the subject matter property of the agreement guaranteed is located in Virginia, and the Guarantor's performance subject to the guaranty was to be rendered in Virginia.

12. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because the real property which is the subject of the action is located in Suffolk, Virginia.

13. Venue is proper in the Norfolk Division because the real property which is the subject of the action is located in Suffolk, Virginia.

**GENERAL ALLEGATIONS**

14. Plaintiff owns a retail shopping center called "Harbour View Shopping Center", with a street address of 5860 Harbour View Boulevard, Suffolk, Virginia (the "Center").

15. Third party Harbour View Station JV, L.L.C. ("Original Landlord") and Suffolk Cinema, L.L.C. ("Original Tenant") entered into a lease dated February 17, 2000 (the "Lease"), pursuant to which Original Landlord leased to Original Tenant space located in the Center (the "Premises"). An authentic and complete copy of the Lease is attached to this Complaint as Exhibit A.

16. Guarantor signed a Guaranty of Lease dated February 17, 2000 (the "Guaranty"). An authentic and complete copy of the Guaranty is attached to this Complaint as Exhibit B.

17. Pursuant to Paragraph 2(a) of the Guaranty, Guarantor guaranteed payment of the amounts due under the Lease.

18. Original Landlord and Original Tenant entered into a "First Amendment to Lease" dated August 15, 2002 (the "First Amendment to the Lease"). An authentic and complete copy of the First Amendment to the Lease is attached to this Complaint as Exhibit C.

19. Original Landlord and third party 30 West Pershing, LLC ("First Assignee") entered an Assignment and Assumption of Leases dated November 12, 2003 (the "First Assignment"), pursuant to which Original Landlord assigned the Lease to First Assignee and First Assignee assumed Original Landlord's obligations under the Lease. An authentic and complete copy of the First Assignment is attached to this Complaint as Exhibit D.

20. Regal Cinemas became Original Tenant's successor-in-interest at some time prior to January 30, 2015. First Assignee and Regal Cinemas (as successor-in-interest to Original Tenant) entered into a Second Amendment to Lease dated January 30, 2015 (the "Second Amendment to the Lease"). An authentic and complete copy of the Second Amendment to the Lease is attached to this Complaint as Exhibit E.

21. First Assignee and Plaintiff entered into an Assignment and Assumption of Lease dated June 23, 2017 (the "Second Assignment of Lease"), pursuant to which First Assignee assigned the Lease to Plaintiff, and Plaintiff assumed First Assignee's obligations under the Lease. An authentic and complete copy of the Second Assignment of Lease is attached to this Complaint as Exhibit F.

22. Pursuant to the terms of the Lease, Regal Cinemas was obligated to pay Plaintiff monthly Base Rent, as Base Rent is defined in the Lease, of $107,095.58 each for the months of April, May, June, July, August, September, October, November, and December 2020.

23. Pursuant to the terms of the Lease, Plaintiff must receive Regal Cinemas' payment of the Base Rent by the first day of each calendar month.

24. Pursuant to Paragraph 2 of the Guaranty, Guarantor guaranteed performance of all of Regal Cinemas' obligations under the Lease, including the full and timely payment of all rent due under the Lease.

25. Regal Cinemas failed to pay the monthly Base Rent due for April 2020.

26. Pursuant to Paragraph 13.1 of the Lease, Regal Cinemas' failure to pay the Base Rent due for April 2020 constitutes an Event of Default as defined by the Lease.

27. On April 23, 2020, Plaintiff gave Regal Cinemas written notice pursuant to Paragraph 13.2 of the Lease that Regal Cinemas was in default for failing to pay the Base Rent due for April 2020, and demanded that Regal Cinemas cure its default. An authentic and complete copy of the April 23, 2020 notice to Regal Cinemas is attached hereto as Exhibit G.

28. Regal Cinemas failed to pay the Base Rent due under the Lease for May, June, July, August, and September 2020. Regal Cinemas' failure to pay the Base Rent due for May, June, July, August, and September 2020 constitutes Events of Default under the Lease.

29. On September 1, 2020, Plaintiff gave Regal Cinemas written notice pursuant to Paragraph 13.2 of the Lease that Regal Cinemas was in default for failing to pay the Base Rent due for May, June, July, August, and September 2020, and demanded that Regal Cinemas cure its defaults. An authentic and complete copy of the September 1, 2020 notice is attached hereto as Exhibit H.

30. On October 7, 2020, Plaintiff sent Regal Cinemas a third written notice that Regal Cinemas was in default for failing to pay rent due under the Lease, and demanded that Regal Cinemas cure its defaults. An authentic and complete copy of the October 7, 2020 Default Letter

is attached to this Complaint as Exhibit I.

31. On December 1, 2020, Plaintiff sent Regal Cinemas a fourth written notice that Regal Cinemas was in default for failing to pay rent due under the Lease, and demanded that Regal Cinemas cure its defaults. An authentic and complete copy of the December Default Letter is attached to this Complaint as Exhibit J.

32. To date, Regal Cinemas has failed and refused to cure its default and pay the amounts owed under the Lease.

33. As of December 3, 2020, Regal Cinemas owes Plaintiff at least $1,374,311.65 for unpaid rent and other taxes and charges for the months of April through December 2020 under the Lease, plus all additional attorneys' fees, costs, and other amounts chargeable under the Lease (the "Unpaid Rent").

34. Pursuant to the terms of the Guaranty, Guarantor owes Plaintiff all of the amounts due under the Lease, including the Unpaid Rent.

35. Pursuant to Article 21 of the Lease, Plaintiff is entitled to recover its attorneys' fees and all costs incurred in this case from Regal Cinemas.

36. Pursuant to Paragraph 8 of the Guaranty, Plaintiff is entitled to recover its attorneys' fees and all costs incurred in this case from Guarantor.

## FIRST CAUSE OF ACTION
### Breach of Contract

37. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth herein.

38. The Lease is a valid and binding contract between Plaintiff and Regal Cinemas.

39. Regal Cinemas breached the Lease by failing to pay the rent and other amounts due thereunder from April 2020 through December 2020.

40. Regal Cinemas' breach of the Lease has caused damage in an amount no less than $1,374,311.65, plus all additional amounts owed under the Lease.

## SECOND CAUSE OF ACTION
**Breach of Guaranty**

41. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth herein.

42. Pursuant to the Guaranty, Guarantor absolutely, unconditionally, and irrevocably guarantied payment of all amounts due under the Lease.

43. Guarantor breached the Guaranty by failing and refusing to pay the Unpaid Rent.

44. Guarantor's breach of its Guaranty has damaged Plaintiff in the amount of the Unpaid Rent, plus all additional amounts that may become due prior to the entry of judgment.

## THIRD CAUSE OF ACTION
**Unlawful Detainer**

45. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth herein.

46. Plaintiff is the record owner of the Premises as evidenced by the Second Assignment of Rights and Interests.

47. Despite demand and no legal right to remain on the Premises, Regal Cinemas refuses to vacate, thus depriving Plaintiff of possession and enjoyment of the Premises.

48. Plaintiff is entitled to possession of the Premises.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. Judgment in favor of Plaintiff and against Defendants on all of Plaintiff's claims;

B. An award of all damages to Plaintiff in an amount no less than $1,374,311.65, plus

all additional amounts owed under the Lease;

  C. An award of pre-judgment and post-judgment interest to Plaintiff at the prime rate of interest plus three and one half percent per the terms of the Lease;

  D. An award to Plaintiff of all its attorneys' fees and costs incurred in this matter;

  E. An award to Plaintiff of possession of the Premises unlawfully detained by Regal Cinemas and issue to Plaintiff an order of possession in accordance with Va. Code § 8.01-128.

  F. All other relief available under law and equity.

Dated: December 17, 2020    QUARLES & BRADY LLP

By: /s/ Hans P. Riede
Hans Paul Riede (VA Bar No. 75352)
Quarles & Brady LLP
1701 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20006-5805
202-372-9529 (telephone)
202-372-9571 (facsimile)
Hans.Riede@quarles.com

and

Isaac M. Gabriel (*pro hac vice* forthcoming)
John M. O'Neal (*pro hac vice* forthcoming)
One Renaissance Square
Two North Central Avenue
Phoenix, AZ  85004-2391
602-229-5200 (telephone)
602-229-5690 (facsimile)
Isaac.Gabriel@quarles.com
John.ONeal@quarles.com

*Attorneys for Plaintiff*